# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

Edwin Alexis Santiago-Rodríguez )
)
**PETITIONER,** )
)
v. )
)
)  Case No.: 26-1320
US. CITIZENSHIP AND IMMIGRATION )
SERVICES; **NATALIA FIGUEROA** in her )  Agency No.: **A232-278-664**
official capacity as Field Office Director, San )
Juan Field Office; **KIKA SCOTT**, in her )
official capacity as Acting Director, District )
9 Miami District Office; **Joseph Edlow**, in )
his official capacity as Director, U.S. )
Citizenship and Immigration Services; and )
**Markwayne Mullin** in his official capacity as )
the Secretary of the U.S. Department of )
Homeland Security, )
)
**RESPONDENTS,** )
)

## WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

TO THE HONORABLE COURT:

COMES NOW, Petitioner Edwin Alexis Santiago-Rodríguez, in the instant case, and through his undersigned attorney respectfully States and Prays:

## I. INTRODUCTION

1. Mr. Edwin Alexis Santiago-Rodríguez is a United States Citizen. He is married to Maria Gabriela Vargas-Mendoza (A232-278-664), who is a citizen of Venezuela.

2.    On March 24, 2025, Mr. Santiago-Rodríguez filed a Petition for Alien Relative on behalf of his wife, in order to have his wife apply for permanent resident status in the United States. (Attachment 1)

3.    The respondents have unlawfully and unreasonably delayed the adjudication of the immigration petition (I-130) to the prejudice of the Petitioner. The Petitioner seeks relief in the form of an order from the Court to have the petition promptly adjudicated.

## II. JURISDICTION

4.    This action is brought against the respondents, and those acting under them, for refusing to comply with their federally mandated duties under the Immigration and Nationality Act of 1952 (INA), Pub. L. No. 82-414, 66 Stat. 163 (codified as amended at 8 U.S.C. §§ 1101 et seq.); title 8 of the Code of Federal Regulations; the Administrative Procedure Act (APA), 5 U.S.C. §§ 551, §555(b), §701, et seq.; and for violations of the due process of the Fifth Amendment.

5.    This Court has jurisdiction under 28 U.S.C. §§1331 (federal question). This Court may grant relief pursuant to 5 U.S.C. §§ 702, 706 (judicial review of agency action); 28 U.S.C. § 1361 (the Mandamus Act); 28 U.S.C. § 1651 (the All-Writs Act); and 28 U.S.C. §§ 2201-02 (the Declaratory Judgment Act).

### III. VENUE

6.    Venue is proper in the District of Puerto Rico under 28 U.S.C. § 1391(e)(1) because "a substantial part of the events or omissions giving rise to the claim occurred," in this district.

### PARTIES

7    Petitioner Mr. Santiago-Rodríguez is a United States Citizen who lives in Carolina, Puerto Rico. He is the petitioner in the immigration petition that is the subject of this complaint.

8.    Respondents **U.S. Citizenship and Immigration Services (USCIS)** is an agency of the U.S. Department of Homeland Security and is responsible for the adjudication of affirmative applications for immigration benefits, including the I-130 immigration petitions that are the subject of this complaint. USCIS is responsible for the legal wrongs committed against the Petitioner.

9.    **Field Office Director Natalia Figueroa** is sued in her official capacity as the Field Office Director for the USCIS San Juan Field Office. In this capacity, she has supervisory authority over all operations of the USCIS San Juan Field Office which is responsible for the legal wrongs committed against the Petitioner.

10.    **District Director Kika Scott** is sued in her official capacity as the District Director for USCIS District 9 Miami District Office which has jurisdiction over the San Juan USCIS Field Office. In this capacity, she has supervisory authority over all operations of the USCIS San Juan Field Office which is responsible for the legal wrongs committed against the Petitioner.

11.    **Director Joseph Edlow** is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services (USCIS). He has supervisory authority over the preceding respondents and is also responsible for the legal wrongs committed against the Petitioner.

12.    **Secretary Markwayne Mullin** is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS) which is responsible for the enforcement of the immigration laws. Because the preceding respondents are agents of the DHS, Secretary **Mullin** is also responsible for the legal wrongs committed against the petitioner.

## EXHAUSTION OF REMEDIES

13.    The Petitioner has exhausted his administrative remedies. There is no administrative remedy, or statutory or regulatory remedy for review under the INA, or the Code of Federal Regulations, to address his circumstances.

## FACTUAL ALLEGATIONS

14.    Petitioner is a United States Citizen and resident of Carolina, Puerto Rico, (USA). **(Attachment 1)**

15.    Petitioner Mr. Santiago-Rodríguez is married to Mrs. Gabriela Vargas-Mendoza(A232-278-664) who is a citizen from Venezuela. **(Attachment 2)**

16.    Petitioner's relationship with his wife is bona fide.

17.    On March 24, 2025, Mr. Santiago-Rodríguez filed with the respondents a Form I-130, Petition for Alien Relative, on behalf of his wife. This petition was assigned to receipt number IOE9458751571 by USCIS. **(Attachment 3)**

18.    The petition packet filed by Mr. Santiago-Rodríguez contained the filing fee and sufficient supporting evidence for approval.

19.    Mr. Santiago-Rodríguez and his wife have not been interviewed by USCIS San Juan Field Office, to investigate the bona fide nature of their relationship.

20.    Respondents have not requested any further documentary evidence from Mr. Santiago-Rodríguez, regarding the bona fides of the relationship.

21.    Mr. Santiago-Rodríguez is a United States Citizen, who is petitioning for his wife, as such, her petition for Alien Relative (Form I-130) does not have to wait for a visa number to become available, since his wife is an immediate relative. **See 8 U.S.C. § 1151(b)(2)(A)(i)** stating that a spouse of a U.S. citizen is eligible for an immediate visa under section 201(b)(2)(A)(i) of the Act.

22.    **On March 10, 2023**, Mrs. Vargas-Mendoza applied for admission into the United States and was **paroled** into the United States by the Department of Homeland Security until March 8, 2025, **(Attachment 4)** under the Venezuela Humanitarian Parole. **(Attachment 5)**

23.    Mr. Santiago-Rodríguez' I-130 is still pending before USCIS.

24.    Mr. Santiago-Rodríguez alleges that USCIS is unreasonably delaying the adjudication of the petition filed by Mr. Santiago-Rodríguez.

25.    On January 23, 2026, DHS, through ICE, issued a Notice to Appear and placed Mrs. Vargas-Mendoza in removal proceedings, while DHS, through USCIS, simultaneously withheld adjudication of the pending I-130. Because USCIS had not adjudicated the I-130, Mrs. Vargas-Mendoza could not identify adjustment of status

as a form of relief when required to state her available reliefs before the Immigration Court.

26.    On May 6, 2026, before the conclusion of removal proceedings, the Immigration Judge granted Mrs. Vargas-Mendoza voluntary departure under 8 U.S.C. § 1229c(a), with a departure deadline of September 3, 2026. If Mrs. Vargas-Mendoza does not depart on or before that date, she becomes subject to a civil penalty and, more critically, a ten-year statutory bar on adjustment of status, cancellation of removal, voluntary departure, change of status, and registry. See 8 U.S.C. § 1229c(d)(1). The pending I-130 is the predicate for the only relief that would allow her to remain with her U.S.-citizen husband adjustment of status. Unless Respondents adjudicate the I-130 before the September 3, 2026 voluntary departure deadline, the delay will not merely postpone relief; it will permanently extinguish it, and will do so notwithstanding that Petitioner is a United States citizen and his wife is statutorily an immediate relative entitled to an immediately available visa under 8 U.S.C. § 1151(b)(2)(A)(i).

27.    Petitioner Santiago-Rodríguez has been prejudiced because of the ongoing uncertainty and worry he is suffering with regard to whether his wife will be allowed to remain united with him in the United States.

28.    Petitioner cannot file Adjustment of Status before the Immigration Court if his I-130 is not adjudicated. Mrs. Vargas-Mendoza entered legally and was paroled into the United States. Even though Mrs. Vargas-Mendoza overstayed her paroled period, she can file an Adjustment of Status before the Immigration Court, since she is

married to a United States Citizen and is in removal proceedings. See Matter of Cavazos, 17 I&N Dec. 215 (BIA 1980).

29   If the Respondents adjudicate the I-130, Mrs. Vargas-Mendoza can adjust her status to Lawful Permanent Resident before the immigration Court.

CLAIMS FOR RELIEF

FIRST CAUSE OF ACTION:
PETITION FILED ON BEHALF OF VARGAS-MENDOZA

30.   The allegations in paragraphs 1-29 are realleged and incorporated herein.

31.   The actions of the respondents have caused unlawful, unreasonable delay in the adjudication of the petition, and constitute an unlawful, unreasonable failure to adjudicate the petition, in violation of the APA, the INA, the Code of Federal Regulations, and denies the Petitioner due process guaranteed by the Fifth Amendment to the Constitution for the United States of America. See, e.g., 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

32.   The delay here is unreasonable under the factors set out in Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). First, agency delay must be governed by a "rule of reason," and Congress supplied a timeliness standard in 5 U.S.C. § 555(b), which directs agencies to conclude matters "within a reasonable time." Second, and dispositive here, the human welfare interests at stake are acute: Petitioner's wife is subject to a voluntary departure deadline of September 3, 2026, after which 8 U.S.C. § 1229c(d)(1) will

impose a ten-year statutory bar foreclosing the adjustment of status that the pending I-130 would make available. Third, the I-130 is not a complex adjudication it is a discrete, largely ministerial determination of a qualifying marital relationship, supported by a fee-paid, evidence-complete petition that Respondents have neither denied, returned, nor supplemented with any request for evidence. Fourth, expediting this adjudication will not prejudice agency activities of a higher or competing priority, because the relief sought is adjudication of a single, ripe petition for an immediate relative. Fifth, the prejudice to Petitioner is severe and irreparable: absent adjudication before the voluntary departure deadline, Petitioner a United States citizen will be permanently separated from his spouse by operation of a statutory bar that timely agency action would avoid.

33.    Alternatively, the petitioner is entitled to mandamus relief to compel an adjudication of the petition filed on behalf Vargas-Mendoza because: (1) the Respondents have a nondiscretionary, ministerial, clear duty to adjudicate the I-130; (2) the Petitioner has a clear right to an adjudication of the petition(I-130) within a reasonable time; and (3) there is no other adequate remedy available to the Petitioner.

PRAYER FOR RELIEF

WHEREFORE, the Petitioner prays that this Honorable Court grant the following relief:

(a)    Assume jurisdiction over this matter;

(b)    Declare that the Respondents have unreasonably delayed, and have unreasonably failed to complete, the adjudication of Santiago-Rodríguez' I-130 immigration petition.

(c)    Order the Respondents to adjudicate the I-130 immigration petition that Santiago-Rodriguez filed on behalf of his wife within a reasonable period of time determined by this Court.

(d)    Retain jurisdiction over this case to ensure compliance with all of this Court's orders;

(e)    Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b); and

(f) Grant any other and further relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In Santurce, Puerto Rico, May 26, 2026

S/RAYMOND L. SANCHEZ-MACEIRA
USDC: 211405
PO BOX 191972
SAN JUAN, PR 00919
TEl 721-3370/ FAX 721-4706
sanchezlaw264@gmail.com

VERIFICATION PURSUANT TO 28 U.S.C. §1746

I represent Petitioner and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing document are true and correct to the best of my knowledge.

Dated May 26, 2026.


s/ RAYMOND L. SÁNCHEZ MACEIRA
USDC: 211405